| | |
|---|---|
| STATE OF NORTH CAROLINA | IN THE GENERAL COURT OF JUSTICE |
| | SUPERIOR COURT DIVISION |
| COUNTY OF BUNCOMBE | 08 – CVS - 5278 |

WILLIAM G. GRAY and THE HAMMOCKS, LLC )
)
Plaintiffs, )
) **ANSWER AND**
RICHMOND HILL, INC., ALBERT J. MICHEL, ) **MOTIONS TO DISMISS**
MARGE MICHEL and ROBERT BLAND )
HOLLAND )
)
Defendants )
)

NOW COMES the Defendants, Richmond Hill, Inc. ("Richmond Hill"), Albert J. Michel and Marge Michel ("Michels"), by and through counsel, and respond to Plaintiffs' Complaint as follows:

## MOTIONS TO DISMISS

Pursuant to Rule 12(b)(6) of the North Carolina Rules of Civil Procedure, the Defendants, Albert J. Michel and Marge Michel, respectfully move the Court for a dismissal of this Complaint for the reason that the Complaint fails to state a claim upon which relief may be granted against them individually. The Michels were not individual parties to the Agreement, which is the Subject Matter of this Complaint, and the Plaintiffs have no claims against the Michels as individuals.

The Defendants respectfully move the Court to dismiss the action brought by Plaintiff, William G. Gray, against the Defendants as set forth in the Complaint inasmuch as Gray, individually, lacks any standing to bring any claims against these Defendants. Gray assigned all rights in and to the Agreement, which is the Subject Matter of this Complaint, to The Hammocks, LLC and he is not an individual owner of the property at this time. Therefore, Gray no longer owns or otherwise has any individual claims against these Defendants.

## RESPONSE TO SPECIFIC ALLEGATIONS

Without waiving the foregoing Motions, the Defendants, Richmond Hill and Michels, respond to the specific allegations of the Complaint as follows:

1. The allegations contained in Paragraphs 1 through 5 of the Complaint are admitted.

2. It is admitted that Holland is a citizen and resident of Buncombe County, North Carolina and was an employee of Richmond Hill, Inc.; except as specifically admitted herein, all other allegations contained in Paragraph 6 of the Complaint, express or implied, are denied.

3. The allegations contained in Paragraph 7 of the Complaint are admitted.

R&S 651927-1

4. The contents of the Agreement set forth in Paragraph 8 of the Complaint speak for themselves and as such require no response; it is denied that the Plaintiff, Richmond Hill, Inc., was a party to the initial Agreement; except as specifically admitted herein, all other allegations contained in Paragraph 8 of the Complaint, express or implied, are denied.

5. The allegations contained in Paragraph 9 of the Complaint are admitted.

6. The allegations contained in Paragraph 10 of the Complaint are admitted.

7. It is admitted that the Plaintiffs were given a due diligence period after execution of the July Agreement; however, it is asserted that the Plaintiffs barely exercised these rights during that period of time; except as specifically admitted herein, all other allegations contained in Paragraph 11, express or implied, are denied.

8. It is admitted that the Defendants advised Plaintiff that they never made a profit operating the Richmond Hill Inn and made the books and records of the business available to the Plaintiff as well as access to the property for due diligence; except as specifically admitted herein, all other allegations contained in Paragraph 12 of the Complaint, express or implied, are denied.

9. The allegations contained in Paragraph 13 of the Complaint are denied.

10. The allegations contained in Paragraph 14 of the Complaint are admitted.

11. The Plaintiffs did not ask the Defendants about any leaks in the mansion or the guest cottages and did not properly exercise the rights of due diligence; it is denied that polybutylene pipes even exist in the guest cottages; except as specifically admitted herein, all other allegations contained in Paragraph 15 of the Complaint, express or implied, are denied.

12. The allegations contained in Paragraph 16 of the Complaint are speculative, call for scientific conclusions, and are therefore denied.

13. It is admitted that leaks occurred in the mansion over the time period the Richmond Hill Inn was operated by the Defendants and that the maintenance staff repaired leaks on a piecemeal basis; except as specifically admitted, all other allegations contained in Paragraph 17 of the Complaint, express or implied, are denied.

14. It is admitted that the Defendants knew of leaks at the mansion, however, it is denied that the Plaintiffs ever asked the Defendants about any leaks; except as specifically admitted herein, all other allegations contained in Paragraph 18 of the Complaint, express or implied, are denied.

15. The allegations contained in Paragraph 19 of the Complaint are denied.

16. The answering Defendants have no knowledge of the accuracy of the allegations contained in Paragraph 20 of the Compliant as they pertain to Defendant Holland's communications with employees and they are therefore denied.

R&S 651927-1

17. It is admitted that Gray inspected the books and records of the business and viewed the real property and improvements; except as specifically admitted herein, all other allegations contained in Paragraph 21 of the Complaint, express or implied, are denied.

18. It is admitted that Holland was the General Manager of the business; except as specifically admitted herein, all other allegations contained in Paragraph 22, express or implied, are denied.

19. It is denied that the Richmond Hill Inn Property had in excess of 250 leaks prior to the Plaintiffs' negotiation and purchase of the property; all other allegations contained in Paragraph 23 of the Complaint, express or implied, are denied.

20. It is admitted that the Defendants, Michels, knew of the leaks at the property, however, it is denied that they were ever asked by Plaintiffs about the leaks; except as specifically admitted herein, all other allegations contained in Paragraph 24 of the Complaint, express or implied, are denied.

21. It is admitted that the Michels received information on a class action litigation involving polybutylene pipes years prior to the sale of the Richmond Hill Inn business and property and may have returned a form to participate in any settlement, however, did nothing further to pursue the claim; except as specifically admitted herein, all other allegations contained in Paragraph 25 of the Complaint, express or implied, are denied.

22. The Defendants have no knowledge of the accuracy or truth of the allegations contained in Paragraph 26 of the Complaint and they are therefore denied.

23. The allegations contained in Paragraphs 27 and 28 of the Complaint are denied.

24. The Defendants incorporate all foregoing answers into the response to Paragraph 29 of the Complaint as if set forth again.

25. The allegations contained in Paragraphs 30 through 35 of the Complaint are denied.

26. The Defendants incorporate all foregoing answers into the response to Paragraph 36 of the Complaint as if set forth again.

27. The allegations contained in Paragraph 37 of the Complaint call for a conclusion of law and are denied.

28. The allegations contained in Paragraphs 38 and 39 of the Complaint are denied.

## FIRST AFFIRMATIVE DEFENSE

1. That in July of 2005, the Plaintiff, William G. Gray, entered into a written Agreement of Purchase and Sale for the Richmond Hill Inn and business as set forth in the Agreement attached to the Complaint.

2. That the Agreement was thereafter assigned to The Hammocks, LLC.

R&S 651927-1

3. That the Plaintiff(s) were provided, by the terms of the Agreement, with a sufficient and reasonable due diligence period to inspect and/or have the books and records of the business reviewed and the property itself inspected.

4. That the Plaintiff(s) did inspect the books and records of the business, however, failed to sufficiently inspect the property despite being given the opportunity and complete free access to the property to conduct any and all tests and inspections they deemed necessary.

5. That the Defendants, Michels, remember only approximately two short meetings with the Plaintiff, Gray, in which he was impatient and did not ask many questions about the property or the business and during which the subject of the leaks did not arise.

6. The Plaintiffs nor any agents or inspection companies ever asked the Michels about any leaks at the property and they were never discussed between the parties.

7. That the only time the Defendants, Michels, recall any conversation with the Plaintiff, Gray, about any leaks was after the purchase of the property and most probably two years after the purchase in the year 2007.

8. That the leaks, during the time of the Defendants, were maintained and controlled by the maintenance staff at the Richmond Hill Inn through regular maintenance and were usually small and located in various places.

9. At no time did the Defendants deem the leaks to be of an extraordinary nature nor did they believe the leaks devalued the property.

10. That the Defendants were never asked about leaks and did allow the Plaintiff full access to the property to discover any problems with the property.

11. At no time did the Defendants actively misrepresent that leaks had not occurred at the property or otherwise actively covered up any information pertaining to the leaks.

12. The Defendants made no misrepresentations to the Plaintiffs relative to the leaks.

## SECOND AFFIRMATIVE DEFENSE

13. The allegations set forth in Paragraphs 1 through 12 of the foregoing Affirmative Defense are incorporated herein by reference as if specifically set forth herein again.

14. These Defendants affirmatively plead all appropriate and applicable statutes of limitation in complete bar to the action filed herein.

## THIRD AFFIRMATIVE DEFENSE

15. The allegations set forth in Paragraphs 1 through 14 of the foregoing Affirmative Defenses are incorporated herein by reference as if specifically set forth herein again.

R&S 651927-1

16. That at the time of the closing on the business and property, The Hammocks, LLC executed a Note and Deed of Trust in favor of the Defendant, Richmond Hill, Inc., which Deed of Trust is recorded in Deed of Trust Book 4124 at Page 1858 of the Buncombe County Registry in the original principal amount of Eight Million Eight Hundred Thousand and No/100 Dollars ($8,800,000.00).

17. That the Plaintiff, The Hammocks LLC, has defaulted in its payment obligations under the terms of the Note and Deed of Trust and owes an amount to the Defendant, Richmond Hill, Inc., in excess of $6,000,000.00, with interest and costs continuing to accrue.

18. That the Defendants have instituted a foreclosure proceeding in Buncombe County against the real property which bears case number 08 SP 1118.

19. That upon information and belief, Plaintiffs have brought this suit to disrupt the foreclosure proceeding in Buncombe County and cloud the issues of money owed to the Defendants.

20. That by waiting until the last minute to file this suit and after default on the payment obligations to the Defendants resulting in the pending foreclosure proceeding, the Plaintiffs show their lack of good faith in the re-payment of the debt owed.

21. That this suit is barred by the equitable doctrines of estoppel, waiver, and unclean hands.

**WHEREFORE** these Defendants pray the Court for the following:

1. That the Plaintiffs have and recover nothing of these Defendants.

2. That the Complaint be dismissed in its entirety.

3. That the costs of this action be taxed against the Defendants.

4. For any attorneys fees to which the Defendants are entitled.

5. For a trial by Jury.

6. For such further relief as the Court deems just and proper.

R&S 651927-1

This the 6th day of January, 2009.

ROBERTS & STEVENS, P.A.

*/s/ Marjorie R. Mann*
Marjorie R. Mann
Attorney for Defendants,
Richmond Hill, Inc.
Albert Michel and Marge Michel
P.O. Box 7647
Asheville, N.C. 28802
(828) 252-6600
NC State Bar No: 13202

R&S 651927-1

## CERTIFICATE OF SERVICE

This is to certify that the undersigned has this date served the foregoing Answer and Motions to Dismiss upon the parties below by depositing a copy hereof in a postpaid wrapper in a Post Office or official depository under the exclusive care and custody of the United States Postal Service:

Joy McIver  (via hand delivery)
72 Patton Avenue
Asheville, NC  28801

Steven Kropelnicki, Jr.
181 Charlotte Street
Asheville, NC  28801

This the 6th day of January, 2009.

_____
Marjorie R. Mann

R&S 651927-1

| | |
|---|---|
| STATE OF NORTH CAROLINA | IN THE GENERAL COURT OF JUSTICE |
| COUNTY OF BUNCOMBE | SUPERIOR COURT DIVISION<br>FILE NO. 08 CVS 05278 |

WILLIAM G. GRAY, THE HAMMOCKS, )
LLC and GATEWAY PARK )
PROPERTIES, LLC, )
           Plaintiffs, )
            )
vs. )
            )   MOTION AND ANSWER
RICHMOND HILL, INC., ALBERT J. )
MICHEL, MARGE MICHEL, ROBERT )
BLAND HOLLAND, )
           Defendants. )
)

     Defendant Robert Bland Holland, *pro se,* responds to the complaint in this cause as follows:

     1. The allegations of paragraphs 1, 2, 3, 4, 7, 8, 9, and 10, are admitted.

     2. It is further admitted that:

     A. This defendant is a citizen and resident of Buncombe County, North Carolina.

     B. Prior to the purchase of the Richmond Hill Inn by The Hammocks, LLC, this defendant was employed by Richmond Hill, Inc., as its general manager.

     C. In the summer and fall of 2005 this defendant was aware of negotiations between plaintiff Gray and the Michels relating to the purchase of the Richmond Hill Inn property which is described in Exhibit A.

     D. During that period this defendant had a number of conversations with plaintiff Gray, during which he provided certain information which Gray requested concerning the operations of The Richmond Hill Inn and its financial situation. He may have discussed with Gray some aspects of the physical condition of the property. All the information he provided Gray was truthful and accurate, to the best of his knowledge.

     E. On information and belief, there is some polybutylene plumbing piping in the facility.

1/5/2009–1

F. During the time this defendant was employed at the Inn there were some plumbing leaks, as to be expected in a building such as The Richmond Hill Inn.

3. Except as admitted above, the allegations of the complaint are denied.

4. It is specifically denied that this defendant made any false statement to Gray and it is denied that he misrepresented or concealed any material facts related to the condition of the property and improvements thereon.

5. Neither of the plaintiffs relied on any statements made by this defendant in their decision to purchase the property.

## MOTION TO DISMISS

6. The complaint fails to state a claim against this defendant for which relief may be granted and defendant moves for dismissal, pursuant to the provisions of Rule 12(b)(6), NCRCP.

## DEFENSES

7. The provisions of Article II, Section 2.1, of the Agreement of Purchase and Sale between Richmond Hill, Inc., and plaintiff Gray, are a complete defense to plaintiffs' claims.

8. The provisions of Article IV, Section 4.9, are a complete defense to plaintiffs' claims.

9. The provisions of Article V, Section 5.4, are a complete defense to plaintiffs' claims.

WHEREFORE, this defendant respectfully prays the court for relief as follows:

1. That plaintiffs have and recover nothing of this defendant and that as to him the complaint be dismissed and forever barred;.

2. For attorney's fees pursuant to G.S. 75-1.1, et seq.;

3. For jury trial;

4. For costs of the action; and,

5. For such other and further relief as may appear to the court to be just and proper.

2

THIS 5 day of January, 2009.

*[signature]*
Robert Bland Holland, *pro se* Defendant
P.O. Box 647
Waynesville, NC 28786
Telephone: 828-242-4803

### CERTIFICATE OF SERVICE

This is to certify that I have served counsel for the opposing party(ies) with this pleading by depositing a copy of the same in the United States Mail in a postpaid properly addressed wrapper as follows:

Ms. Joy McIver
Adams, Hendon, Carson, Crow & Saenger, P.A.
P.O. Box 2714
Asheville, NC 28802

Ms. Marjorie R. Mann
Attorney at Law
P.O. Box 7647
Asheville, NC 28802

This 5 day of January, 2009.

*[signature]*
Robert Bland Holland

3