**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
(ASHEVILLE DIVISION)**

| | | |
|---|---|---|
| IN RE: | ) | |
| | ) | |
| The Hammocks, LLC | ) | Chapter 11 |
| d/b/a Richmond Hill Inn | ) | Case No. 09-10332 |
| | ) | |
| WILLIAM G. GRAY and the | ) | |
| HAMMOCKS, LLC | ) | PLAINTIFFS' MEMORANDUM |
| | ) | IN SUPPORT OF |
| Plaintiffs, | ) | MOTION FOR REMAND |
| | ) | |
| vs. | ) | |
| | ) | |
| RICHMOND HILL, INC., | ) | |
| ALBERT J. MICHAEL; MARGE | ) | |
| MICHAEL and ROBERT BLAND | ) | |
| HOLLAND | ) | |
| | ) | |
| Defendants, | | |

Plaintiffs William G. Gray ("Gray") and The Hammocks, LLC ("Debtor") (collectively "Plaintiffs"), by and through counsel, submit this memorandum in support of Plaintiffs' Motion to Remand this case to the Superior Court of North Carolina, Buncombe County, pursuant to 28 U.S.C. §§ 1334 and 1452.

## *STATEMENT OF FACTS*

The Hammocks, LLC (the "Debtor" or "corporate Plaintiff"), is a South Carolina limited liability company. Debtor purchased the "Richmond Hill Inn" (the "Inn") from Defendant Richmond Hill, Inc. in October of 2005. Debtor continues to operate the Inn as its principal business. Plaintiff Gray is a resident of Iredell County, North Carolina.

Defendant Richmond Hill, Inc. ("Seller") is a North Carolina corporation. Defendants Albert J. Michael, Marge Michael and Robert Bland Holland are all residents of the State of North Carolina (collectively and together with Seller, the "Defendants").

On October 28, 2009, Plaintiffs filed a Complaint in the Superior Court of Buncombe County North Carolina bearing case no. 08 CV 5278 (the "Civil Action") alleging claims of common law fraud and Unfair Trade Practices Act pursuant to North Carolina General Statute Chapter 75-1.1 et seq. Plaintiffs claims against Defendants arise out of the purchase and sale of the Inn. Defendants have not filed any counterclaims in the Civil Action.

Plaintiffs' claims relate to Defendants' intentional concealment of polybutylene pipes and leaks from said pipes in the Inn. Only Defendant Richmond Hill Inc. as a secured creditor has the right to file a secured claim in the corporate Plaintiff/Debtor's bankruptcy proceeding regarding the seller financing provided in conjunction with the sale of the Inn. The remaining Defendants Albert J. Michael, Marge Michael and Robert Bland Holland do not have any claims against the Debtor.

On March 25, 2009, after a fire destroyed a portion of the Inn, Debtor commenced a Chapter 11 reorganization under Title 11 of the United States Code. Three of the four Defendants removed this action to this Court by filing a Notice of Removal on May 18, 2009.

At the time of the Notice of Removal of State Court Civil Action was filed, the Trial Court Administrator in the State Court Civil Action had ordered the parties to complete mediation by September 19, 2009, and scheduled the Trial of the matter for October 26, 2009.

At the time of the Notice of Removal, the removing Defendants were delinquent on discovery responses and had failed to respond to discovery requests that were served on them on February 9, 2009. Additionally, the parties were in the process of scheduling a particular deposition.

## *DISCUSSION*

I.     THE CIRCUMSTANCES OF THIS CASE MANDATE REMAND OF THE PENDING STATE COURT CIVIL ACTION BACK TO THE BUNCOMBE COUNTY, NORTH CAROLINA, GENERAL COURT OF JUSTICE, SUPERIOR COURT DIVISION.

**STANDARD**

The three removing Defendants contend that jurisdiction of the State Civil Action lies with the Bankruptcy Court as a civil proceeding "related to the Chapter 11 case." Notice of Removal ¶ 6. Despite the removing parties' contention, 28 U.S.C. §1334(c)(2) provides for mandatory abstention under these circumstances and requires the Civil Action be remanded.

The requirements of mandatory abstention are that (1) the proceeding is based upon a state law claim or cause of action, (2) the proceeding is or may be related to a case under title 11 and does not arise under title 11; (3) the action could not have been commenced in a federal court absent the jurisdiction under 28 U.S.C. §1334, and (4) an action is commenced, and can be timely adjudicated in a state forum of appropriate jurisdiction.

**A.     The State Civil Action is based upon a state law claim or cause of action**

The Plaintiffs' claims in the pending State Civil Action are for fraud under North Carolina law and Unfair and Deceptive Trade Practices (with associated claim for attorney's fees) pursuant to Chapter 75 of the North Carolina General Statutes. The Defendants have filed no counterclaims in the pending State Civil Action.

**B.     The State Civil Action is or may be related to a case under title 11 and does not arise under title 11;**

The three removing Defendants contend that jurisdiction of the State Civil Action lies with the Bankruptcy Court as a civil proceeding "related to the Chapter 11 case." Notice of Removal ¶ 6. The Fourth Circuit follows the test set forth in Pacor, Inc. v. Higgins, 743 F 2d. 984 (3d Cir.1984), overruled on other grounds by Things Remembered, Inc. v. Petrarca, 516 U.S. 124 (1995), as to how to interpret "related to" jurisdiction. The Pacor test as summarized by the Third Circuit is:

> The usual articulation of the test for determining whether a civil proceeding is related to bankruptcy is whether the outcome of that proceeding could conceivably have any effect on the estate being administered in bankruptcy. . . . An action is related to bankruptcy if the outcome could alter the debtor's rights, liabilities, options, or freedom of action (either positively or negatively) and which in any way impacts upon the handling and administration of the bankrupt estate.

Pacor, 743 F.2d at 994.

The subject of the Civil Action is the alleged intentional concealment by the Defendants, at the time of the sale of the Inn, of the presence of defective polybutylene plumbing at the Inn that had a history of substantial leaks. The Inn is an asset of the Chapter 11 Bankruptcy estate. In this regard, the Civil Action may be "related to" the Chapter 11 case given that the Inn is involved in both actions.

The removing Defendants further contend that the Civil Action is a "core proceeding" under 28 U.S.C. § 157(A), (B), (C), (E), and (O). The allegation that the action is a core proceeding is without merit. Core claims "arise under" or "arise in" bankruptcy proceedings. The claims asserted in the Civil Action are similar to a personal injury claim or action to collect an account receivable. The Plaintiffs' claims are non-core and simply "relate to" the Debtor's Chapter 11 case. Plaintiffs' claims exist irrespective of the bankruptcy. Plaintiff's claims were filed before the bankruptcy filing, and their outcome will be determined solely on North Carolina state law. See In re Smith-Douglass, Inc., 43 B.R. 616 (Bankr.E.D.N.C.1984) (ruling, without discussion, that an action by a trustee or debtor in possession to collect an account receivable is a noncore proceeding).

The Civil Action is not a core matter. Although the Seller/Defendant Richmond Hill, Inc. has a claim against the Debtor, the other three defendants do not. The outcome of the Civil Action will not necessarily involve the allowance or disallowance of claims

3

or the adjustment of a debtor/creditor relationship. Although Plaintiffs' claims in the Civil Action arise out of the purchase of the Inn by the Debtor from Seller/Defendant Richmond Hill, Inc., the Civil Action does not involve or dispute the Seller's claim for monies owing under the promissory note arising from the sale and purchase of the Inn, the Seller's security interest in the Inn, or property of the estate. Additionally, the Civil Action does not involve any counterclaims against the Debtor or property of the estate. The Civil Action may be "related to" the Debtor's bankruptcy proceeding, but it does not "arise under" title 11 or "arise in" the bankruptcy proceeding.

**C.    The State Civil Action could not have been commenced in a federal court absent the jurisdiction alleged by removing Defendants pursuant to 28 U.S.C. §1334**

Since neither a federal question nor diversity of citizenship jurisdiction apply, the Civil Action is one that "could not have been commenced in a federal court." 28 U.S.C. § 1334 is the only potential source of federal jurisdiction. Section 1332(a) of Title 28 confers jurisdiction on the District Court in cases where the amount in controversy exceeds $75,000 and the parties are citizens of different states. The Supreme Court has interpreted the requirement that the parties be citizens of different states as mandating "complete diversity;" i.e., no plaintiff may be a citizen of the same state as any defendant. *See* Caterpillar Inc. v. Lewis, 519 U.S. 61, 68 & n.3, 117 S. Ct. 467, 472 & n.3, 136 L. Ed. 2d 437 (1996).

Here, both Plaintiff Gray and all Defendants are citizens of North Carolina. Hence, complete diversity does not exist in this case; consequently, this Court does not have diversity jurisdiction. Additionally, the Civil Action does not involve a federal question, but involves claims solely brought under North Carolina state law. Therefore, the Civil Action is one that "could not have been commenced in a federal court."

The burden of establishing whether federal jurisdiction exists independently of the relation to the bankruptcy case is on the party seeking it, in this case, Defendants. McNutt v. General Motors Acceptance Corp., 298 U.S. 178, 189, 56 S. Ct. 780, 785, 80 L. Ed. 1135 (1936). Any uncertainties as to the propriety of removal should be resolved in favor of remand. Hartley v. CSX Transp., Inc., 187 F.3d 422, 425 (4th Cir. 1999). Defendants cannot meet their burden here, and thus, this action should be remanded.

**D.    The State Civil Action commenced October 28, 2008, and can be timely adjudicated in a state forum of appropriate jurisdiction.**

The parties have already engaged in discovery in this matter. Plaintiffs have served discovery on and received response from Defendant Holland as of March 6, 2009. Plaintiffs served discovery requests on the removing Defendants on February 9, 2009, and have yet to receive a response.

On May 12, 2009, the Trial Court Administrator for Buncombe County Superior Court entered an "Order for Mediated Settlement Conference/Trial Calendar Notice and

4

Scheduling Order." This Order provides for the completion of mandatory mediation by September 19, 2009, and scheduled the Trial for October 29, 2009.

On May 18, 2009, three of the four Defendants filed a Notice of Removal of State Court Action to Bankruptcy Court.

The State Civil Action was on course toward a timely adjudication prior to the removal.

## **Conclusion**

Although 28 U.S.C. § 1334 establishes federal jurisdiction over claims "related to" cases under Title 11, this same statute provides:

> Upon timely motion of a party in a proceeding based upon a State law claim or State law cause of action, related to a case under title 11 but not arising under title 11 or arising in a case under title 11, with respect to which an action *could not have been commenced* in a court of the United States absent jurisdiction under this section, the district court *shall abstain* from hearing such proceeding if an action is commenced, and can be timely adjudicated, in a State forum of appropriate jurisdiction.

28 U.S.C. § 1334(c)(2) (emphasis added). Mandatory abstention under § 1334(c)(2) is thus appropriate when the following requirements are met: (1) a timely motion is made; (2) the proceeding is based on a state law claim or a state law cause of action; (3) the proceeding is related to a case under Title 11; (4) the proceeding does not arise under Title 11; (5) the action could not have been commenced in a federal court absent jurisdiction under 28 U.S.C. § 1334; and (6) an action is commenced, and can be timely adjudicated, in a state forum of appropriate jurisdiction. Blanton v. IMN Financial Corp., 260 B.R. 257, 263 (M.D.N.C. 2001).

Under the circumstances, remand is appropriate. In re Zurn, 290 F.3d 861, 868 (7th Cir. 2002) (stating that "§ 1334(c)(2) requires a district court to abstain from hearing state law causes of action" if they meet the criteria specified in the statute); In re U.S. Brass Corp., 110 F.3d 1261, 1268 (7th Cir. 1997) (stating that "section 1334(c)(2) makes abstention in favor of the state court mandatory in noncore proceedings not otherwise within federal jurisdiction"); In re Gober, 100 F.3d 1195, 1206 (5th Cir. 1996) ("Under § 1334(c)(2),... courts must abstain from hearing a state law claim for which there is no independent basis for federal jurisdiction other than § 1334(b)....").

Here, Plaintiffs timely move for remand. The instant action is based upon state law claims. While this case may be "related to" a case under Title 11, it does not arise under Title 11. See A.H. Robins Co. v. Dalkon Shield Claimants Trust, 86 F.3d 364, 372 (4th Cir.) (stating that "a controversy arises in Title 11 ... [when] it would have no practical existence but for the bankruptcy"), *cert. denied sub nom.* Bergstrom v. Dalkon Shield Claimants Trust, 519 U.S. 993, 117 S. Ct. 483, 136 L. Ed. 2d 377 (1996). The

5

Court does not independently have jurisdiction pursuant to 28 U.S.C. § 1332(a), as the State Civil Action does not involve a federal question and diversity jurisdiction does not exist and 28 U.S.C. § 1334 is the only potential source of federal jurisdiction. And the State Court Action was pending and progressing at the time of removal.

II. IN THE COURT'S DISCRETION, THE CIRCUMSTANCES OF THIS CASE WARRANT REMAND OF THE PENDING STATE COURT CIVIL ACTION BACK TO THE BUNCOMBE COUNTY, NORTH CAROLINA, GENERAL COURT OF JUSTICE, SUPERIOR COURT DIVISION.

In the event the Court determines that remand of the pending Civil Action is not mandatory pursuant to 28 U.S.C. § 1334 (c)(2), Plaintiffs respectfully request that the Court remand the action in its discretion pursuant to 28 U.S.C. § 1334 (c)(1) and 28 U.S.C. §1452(b).

28 U.S.C. § 1334 (c)(1) provides in part ". . .nothing in this section prevents a district court in the interest of justice, or in the interest of comity with State courts or respect for State law, from abstaining from hearing a particular proceeding arising under title 11 or arising in or related to a case under title 11." Section 1452 provides that "the court to which such claim or cause of action is removed may remand such claim or cause of action on any equitable ground." These statutory provisions give the Court broad discretion to remand this Civil Action back to the state court.

The State Court Action had been pending for almost seven months at the time the removing Defendants filed notice. Notably, at the time of their notice the Defendants had still not provided responses to discovery served months earlier and which were by then overdue. By filing the Notice, these Defendants have effectively delayed their obligation to comply with the rules of discovery. Additionally, the deadline for mediation of this matter had been ordered and the initial trial date scheduled at the time of the Notice. The State Court Action was effectively moving towards a timely adjudication prior to the removal.

Plaintiffs respectfully request that the Court exercise its discretion to remand the State Court Civil Action in the interest of justice, comity and respect for State law, and on otherwise equitable grounds.

ADAMS HENDON CARSON CROW & SAENGER, P.A.

By:   s/ Daniel E. Hitchcock
Daniel E. Hitchcock
N.C. Bar No. 31949
Email: dhitchcock@adamsfirm.com
Joy G. McIver
N.C. Bar No. 23134
Email: jmciver@adamsfirm.com
Attorneys for Plaintiffs

72 Patton Avenue
PO Box 2714
Asheville, N.C. 28802
Tel. (828) 252-7381
Fax (828) 252-5018

Certificate of Service

This is to certify that the undersigned has this date served the foregoing Plaintiffs' Memorandum in Support of Motion for Remand in the above entitled proceeding upon the parties below by depositing a copy hereof in a post wrapper in a post office or official depository under the exclusive care and custody of the United States Postal Service, addressed as flows or as electronically filed and served:

Marjorie Mann
Attorney for Richmond Hill, Inc., Albert J. Michael and
Marge Michael
P.O. Box 7647
Asheville, NC 28802

Robert Bland Holland
P.O. Box 647
Waynesville, NC 28786

David G. Gray
81 Central Avenue
Asheville NC  28801

U.S. Bankruptcy Administrator
402 W. Trade Street, Suite 200
Charlotte, NC  28202-1669

This the 17th day of June, 2009.

   s/ Daniel E. Hitchcock
   Daniel E. Hitchcock