FILED & JUDGMENT ENTERED
David E. Weich

Jul 30 2009

Clerk, U.S. Bankruptcy Court
Western District of North Carolina

_____
George R. Hodges
United States Bankruptcy Judge

UNITED STATES BANKRUPTCY COURT
WESTERN DISTRICT OF NORTH CAROLINA
ASHEVILLE DIVISION

In Re:                               )   Case No. 09-10332
                                     )   Chapter 11
**THE HAMMOCKS, LLC,**               )
                                     )
        Debtor.                      )
_____)

### ORDER GRANTING THE DEBTOR'S MOTION TO REJECT EXECUTORY CONTRACT AND DENYING THE MOTION OF THE ALEX N. SILL COMPANY FOR ALLOWANCE OF SUPERPRIORITY EXPENSE CLAIM

This matter is before the court on the debtor's Motion to reject executory contract and related papers filed by The Alex N. Sill Company ("Sill), including its Motion for allowance of an administrative expense claim and for superpriority status. The court has concluded that the debtor's Motion should be granted primarily for the reason that there does not appear to be a contract with Sill that could be accepted, and, if there were such a contract, the debtor is entitled to reject it; and further, that Sill may file a claim for time and expenses for work it has performed for the debtor, and the court will

determine that claim after it can be ascertained whether Sill's work was of any benefit to the debtor or to the estate.

Background

1. The debtor owns and operates a hotel called the Richmond Hill Inn in Asheville, North Carolina. On March 19, 2009, the debtor's hotel suffered a fire that caused substantial damage.

2. On March 23, 2009, the debtor and Sill executed a document that purported to engage Sill to perform insurance adjusting services in connection with the debtor's fire loss. The document also provided that Sill would be paid a percentage of the total proceeds related to the claim (which potentially could amount to over $15 million).

3. The next day, the debtor filed its Chapter 11 bankruptcy petition. Sill was not listed as a creditor in the debtor's Petition.

4. Thereafter, Sill's employees performed work toward the filing of a detailed claim with the debtor's insurance carrier.

5. The debtor's insurance carrier subsequently notified the debtor that it denied coverage on any claim arising out of the debtor's fire.

6. On April 21, 2009, Sill's attorney faxed a letter to counsel for the debtor which stated that Sill would cease performing any work on the debtor's behalf unless the debtor

2

obtained the bankruptcy court's authorization for the retention (and compensation) of Sill post-petition. The following day, the debtor's attorney responded to Sill's counsel that, because of the coverage issue, the debtor did not intend to seek approval of Sill at that time. Thereafter, Sill ceased performing work on the debtor's behalf.

7. Sill subsequently filed its: (1) Motion of the Alex N. Sill Company for Order Setting a Date, at the Earliest Possible Time, by Which the Debtors Must Assume or Reject an Executory Contract, Namely the Alex N. Sill Company Loss Consultants and Appraisers North Carolina Agreement Form (the "Sill Agreement") and (2) Motion of the Alex N. Sill Company for an Order, Pursuant to 11 U.S.C. Section 503(b) of the Bankruptcy Code, for Allowance of an Administrative Expense Claim and Directing Payment of Postpetition Commissions as Administrative Expenses Pursuant to 11 U.S.C. Section 503(b)(1)(A)(i) and that Sill's Commissions Enjoy a Superpriority Status Under 11 U.S.C. Section 506(c) of the Bankruptcy Code and the Substantial Benefit Doctrine. On June 2, 2009, the court conducted a hearing on those requests and ordered the debtor to file a motion to accept or reject the purported agreement with Sill and postponed Sill's Motions for further hearing together with the debtor's Motion.

8. On June 15, 2009, the debtor filed its present Response and Motion in which it seeks to have the court reject

the purported agreement with Sill, and on June 17, 2009, the court conducted a hearing on all pending matters. This Order is intended to determine all of those matters.

Discussion

9. Pursuant to 11 U.S.C. § 365(a), the debtor, "subject to the court's approval, may assume or reject any executory contract . . . of the debtor." Generally, the "court's approval" is based upon the debtor's exercise of its business judgment. See Lubrizol Enterprises, Inc. v. Richmond Metal Finishers, Inc., 756 F.2d 1043, 1046, 1047 (4th Cir. 1985), *cert. denied*, 475 U.S. 1057, 106 S.Ct. 1285, 89 L.Ed.2d 592 (1985); see also In re Dunes Hotel Assoc., 194 B.R. 967, 987-988 (Bankr. D.S.C. 1995).

10. Here, the court finds that it is well within the debtor's exercise of reasonable business judgment to reject a "contract" that never was consummated. The debtor engaged Sill the day before the debtor filed its bankruptcy petition. Shortly thereafter, whatever relationship existed was rejected by Sill in a letter from the attorney for Sill to debtor's counsel. The letter provided that Sill could not assist the debtor in its recovery efforts related to the fire "absent assurances that it has been authorized by the bankruptcy court to provide services to the Debtor, and to be compensated for the same." The letter concluded as follows:

4

>   In the meantime, please be advised that, in the event I do not hear from you [within two days], the Company will be forced to conclude that Debtor does not intend to engage its services on a post-petition basis and the Company will cease any and all work on behalf of the Debtor relating to the Incident.

See Letter from Kimberlie L. Huff to David G. Gray of April 21, 2009.

   11. The debtor's attorney responded that it did not intend to seek court approval of the post-petition retention of Sill, and Sill ceased performing work on behalf of the debtor. See Letter from David G. Gray to Kimberlie L. Huff of April 22, 2009. Consequently, the court concludes that there is no contract here to be assumed and that the debtor's rejection of any relationship with Sill at this point is reasonable.

   12. Even if there were a contractual relationship with Sill, it would be reasonable for the debtor to reject it on the grounds stated by debtor's counsel in his letter to Sill's attorney. The debtor's insurance carrier denied coverage of the debtor's claim. Consequently, the debtor sought legal representation to negotiate or litigate that issue rather than to use Sill to perform insurance adjusting services. Under the circumstances confronting the debtor, that is a reasonable exercise of its business judgment and should be approved by the court.

13. Sill has alternatively sought an order allowing it a superpriority administrative claim for recovery of its commission. The court cannot find that Sill is entitled to commission compensation based upon its aborted agreement with the debtor. However, Sill's employees did perform work on behalf of the debtor, and the debtor permitted that work to occur. Consequently, Sill may be entitled to reimbursement for the work it performed for the debtor.

14. The court cannot presently determine whether any of Sill's work will be beneficial to the debtor because it would be useful only if the debtor's insurer entertains a claim. Therefore, the allowance of any claim for Sill at this point is premature. Sill may file a claim in this case in accordance with the Bankruptcy Code, but the court will not determine that claim until the appropriate time.

It is therefore **ORDERED** that:

1. Debtor's Motion to reject executory contract is granted;

2. The Motion of The Alex N. Sill Company to set a date for debtor to assume or reject executory contracts was granted and this Order is a product of that hearing; and

3. The Motion of The Alex N. Sill Company for allowance of an administrative expense claim and for superpriority status

is denied -- without prejudice to any right it may have to file a claim pursuant to the Bankruptcy Code.

**This Order has been signed electronically.**　　**United States Bankruptcy Court**
**The Judge's signature and court's seal**
**appear at the top of the Order.**