IN THE UNITED STATES BANKRUPTCY COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA

| | |
|---|---|
| In re | : |
| | : |
| THE HAMMOCKS, LLC d/b/a | : Case No. 09-10332 |
| Richmond Hill Inn, | : Chapter 11 |
| | : |
| Debtor. | : |

**MOTION OF HARLEYSVILLE MUTUAL INSURANCE COMPANY FOR RELIEF FROM THE AUTOMATIC STAY TO INITIATE AN ACTION FOR DECLARATORY JUDGMENT IN THE UNITED STATES DISTRICT COURT FOR THE WESTERN DISTRICT OF NORTH CAROLINA**

Harleysville Mutual Insurance Company ("Harleysville"), by and through its undersigned counsel, hereby moves (the "Motion") pursuant to Sections 105(a), 362(d) and 365 of Title 11 of the United States Code, 11 U.S.C. §§ 101, *et seq.*, as amended (the "Bankruptcy Code"), Rule 4001(a) of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), and Rule 4001-1 of the Local Rules of the United States Bankruptcy Court for the Western District of North Carolina (the "Local Rules"), for relief from the automatic stay to initiate an action for declaratory relief in the United States District Court for the Western District of North Carolina (the "District Court") by the filing of a complaint substantially in the form attached hereto as Exhibit "1" (the "Complaint"). In support of the Motion, Harleysville respectfully represents as follows:

**BACKGROUND**

1. On March 25, 2009 (the "Petition Date"), The Hammocks, LLC d/b/a Richmond Hill Inn (the "Debtor") filed a voluntary petition for relief under Chapter 11 of the Bankruptcy Code.

      2.      The Debtor is a limited liability company organized under the laws of South Carolina.

      3.      Harleysville is incorporated in Pennsylvania.

      4.      Prior to the Petition Date, Harleysville issued a Policy of Insurance, number OF-3M2977 (the "Policy"), to the Debtor, c/o Dr. William Gray ("Dr. Gray") at 87 Richmond Hill Drive, Asheville NC 28806 (the "Property"). The stated Policy period was October 19, 2008 to October 19, 2009.

      5.      The Policy provided coverage for the business owned by the Debtor known as Richmond Hill Inn located at 87 Richmond Hill Drive, Asheville NC 28806.

      6.      The Policy provided first party property coverage for several buildings on the Property, business personal property, and business interruption. The Policy also provided commercial general liability coverage.

      7.      On or about March 19, 2009, one of the buildings on the Richmond Hill Inn property, which was commonly known as "the Mansion," sustained damage as a result of a fire.

      8.      On May 29, 2009, the Debtor submitted a purported proof of loss to Harleysville, thereby making a formal demand for payment under the Policy in the amount of $6,021,563.00, in addition to an amount to be determined for damages allegedly sustained as a result of said fire loss (the "Demand").

      9.      The Policy excludes recovery for loss where the loss is caused by criminal, fraudulent, dishonest, or illegal acts committed by the insured or those with an interest in the property.

10. The Policy provides that its coverage is void if the insured willfully conceals or misrepresents material facts or circumstances surrounding the Policy.

11. As alleged in greater detail in the Complaint, Harleysville believes, and expects to be able to prove at trial, that under these exclusions it has complete defenses to the Demand, including that (a) the fire was caused by the Debtor's arson and (b) that in applying for the Policy the Debtor made material misrepresentations.

12. Under applicable North Carolina law, due to the Debtor's material misrepresentations at the time of issuance of the Policy, the Policy is void as a matter of law. N.C. Gen. Stat. § 58-44-15.

13. Harleysville is entitled to a jury trial on the issues raised in the Complaint, and under 28 U.S.C. § 1332, the District Court has jurisdiction over the causes of action asserted therein.

14. Harleysville seeks relief from the automatic stay in order to file the Complaint.

## JURISDICTION

15. This Court has jurisdiction to consider this Motion pursuant to 28 U.S.C. §§ 157 and 1334. This Motion is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(G). Venue is proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409. The statutory predicates for the relief sought herein are Sections 105(a), 362(d), and 365 of the Bankruptcy Code, Rule 4001 of the Bankruptcy Rules, and Rule 4001-1 of the Local Rules.

## BASIS FOR RELIEF

16. Section 362(d)(1) of the Bankruptcy Code provides, in relevant part:

> On request of a party in interest and after notice and a hearing, the court shall grant relief from the stay provided under subsection (a)

>of this section, such as by terminating, annulling, modifying, or conditioning such stay—
>
>(1) for cause, including the lack of adequate protection of an interest in property of such party in interest;

"Cause is a flexible concept and courts often conduct a fact intensive, case-by-case balancing test, examining the totality of the circumstances to determine whether sufficient cause exists to lift the stay." *In re SCO Group, Inc.*, 2007 WL 4224407 (Bankr. D. Del. Nov. 27, 2007).

17. As an initial matter, a void Policy is not an asset of the Debtor's estate, and hence is not an assumable contract, and many courts have held that under such circumstances cause exists for termination of the stay to seek formal termination of the contract. *Cf., Bell v. Alden Owners*, 199 B.R. 451, 462 (S.D.N.Y. 1996); *In re New Breed Realty Enterprises, Inc.*, 278 B.R. 314, 324 (Bankr. E.D.N.Y. 2002); *In re Deppe*, 110 B.R. 898, 906 (Bankr. D. Minn. (1990); *In re Acorn Inv.*, 8 B.R. 506, 510 (Bankr. S.D.CA. 1981); *In re Andorra Meat Market, Inc.*, 7 B.R. 744 (Bankr. E.D. Pa. 1980).

18. Additionally, while generally applied in reference to abstention of the federal courts in favor of state courts, many of the factors courts use in reference to permissive abstention under 28 U.S.C. § 1334(c)(1) weigh in favor of finding cause for the granting of relief from the automatic stay to proceed in the District Court. Harleysville's declaratory judgment action is premised on contract and fraud claims relating to an insurance policy, an area where the District Court may have additional expertise, the District Court has jurisdiction due to diversity of citizenship pursuant to 28 U.S.C. § 1332, and Harleysville has a right to a jury trial, which this Court cannot conduct without the consent of the parties. *Cf*, *In re Fruit of the Loom, Inc.*, 407 B.R. 593, 599-601 (Bankr. D.Del. 2009) (abstaining from a suit for breach of contract on the

basis that no provision of the Bankruptcy Code was implicated and that a breach of contract claim is entitled to a jury trial, which the court could not conduct.); *In re Mitchell*, 206 B.R. 204, 213 (Bankr. C.D.CA. 1997) (abstaining in a case involving breach of contract and claims for conversion, fraud, and misrepresentation, on the basis that bankruptcy judges do not have any special expertise in such areas, and that the district court that was currently handling the case was better qualified than the bankruptcy court, especially in light of the fact that the jury trial can only be conducted by the bankruptcy court with mutual consent of all of the parties.); *In re J & J Towne Pharmacy, Inc.*, 2000 WL 568355 (Bankr. E.D.Pa. 2000) (bankruptcy court abstained from hearing matter in part because the claims raised consisted of state or federal non-bankruptcy law issues "which the district or state courts would be better suited to decide.").

WHEREFORE, Harleysville respectfully requests that the Court grant Harleysville relief from the automatic stay to file the Complaint in the United States District Court for the Western District of North Carolina, and grant such other relief as is appropriate.

This the 5TH day of October, 2009.

/s/ Brady A. Yntema
David L. Brown
N.C. State Bar No. 18942
dbrown@pckb-law.com
Brady A. Yntema
N.C. State Bar No. 25771
byntema@pckb-law.com
PINTO COATES KYRE & BROWN, PLLC
3203 Brassfield Road
Greensboro, NC 27410
Telephone: 336.282.8848
Facsimile: 336.282.8409

Michael R. Nelson
P.A. State Bar No. 65679
NELSON, LEVINE, de LUCA & HORST
518 East Township Line Rd.
Suite 300
Blue Bell, PA 19422

Douglas Y. Christian
P.A. State Bar No. 41934
BALLARD SPAHR, LLP
1735 Market Street, 51ST Floor
Philadelphia, PA  19103-7599

*Attorneys for Plaintiff Harleysville Mutual*
 *Insurance Company*

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA

| | |
|---|---|
| In re | : |
| | : |
| THE HAMMOCKS, LLC d/b/a | : Case No. 09-10332 |
| Richmond Hill Inn, | : Chapter 11 |
| | : |
| Debtor. | : |

**ORDER ON MOTION OF HARLEYSVILLE MUTUAL INSURANCE COMPANY FOR RELIEF FROM THE AUTOMATIC STAY TO INITIATE AN ACTION FOR DECLARATORY JUDGMENT IN THE UNITED STATES DISTRICT COURT FOR THE WESTERN DISTRICT OF NORTH CAROLINA**

This matter coming before the Court on the Motion of Harleysville Mutual Insurance Company ("Harleysville") for relief from the automatic stay to initiate an action for declaratory judgment in the United States District Court for the Western District of North Carolina (the "Motion"); the Court having reviewed the Motion and all other related pleadings; the Court finding that (a) the Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334, (b) this is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(G), (c) notice of the Motion was sufficient under the circumstances, and (d) relief is appropriate pursuant to Sections 105(a), 362(d), and 365 of the Bankruptcy Code, Rule 4001 of the Bankruptcy Rules, and Rule 4001-1 of the Local Rules,

NOW, THEREFORE, IT IS HEREBY ORDERED THAT:

1. The Motion is GRANTED.

2. Harleysville is granted relief from the automatic stay so that Harleysville may initiate an action for declaratory judgment as defined in the Motion.

Dated: _____        _____
                                                                       The Honorable George R. Hodges

## **CERTIFICATE OF SERVICE**

The undersigned certifies that the pleadings(s) or paper(s) to which this Certificate is affixed was served upon the party(s) to this action listed below by depositing a copy of the same, enclosed in a first-class postpaid, properly addressed wrapper, in a Post Office or official depository under the exclusive care and custody of the United States Postal Service and/or by means of the Electronic Filing System of the Bankruptcy Court on October 5, 2009.

**By means of the Electronic Filing System of the Bankrupcy Court as follows:**

Daniel E. Hitchcock:   **dhitchcock@adamsfirm.com**

Marjorie Rowe Mann:  mmann@roberts-stevens; **dpooler@roberts-stevens.com**

Joy G. McIver:   **jmciver@adamsfirm.com**

U.S. Bankruptcy Administrator:   **alexandria_a_kenny@ncwba.uscourts.gov**;
**ba_desk@ncwba.uscourts.gov**

David G. Gray:                     **judyhj@bellsouth.net**

**By first-class mail on the following:**

Ronald K. Payne
LONG, PARKER, WARREN,
    ANDERSON & PAYNE
P.O. Box 7216
Asheville, NC  28801

Jerome W. Cook
McDONALD HOPKINS, LLC
600 Superior Ave, East
Suite 600
Cleveland, OH 44114

George Ward Hendon
ADAMS HENDON CARSON CROW & SAENGER
Post Office Box 2714
Asheville, NC 28802

This the 5TH day of October, 2009.

        /s/ Brady A. Yntema
        Brady A. Yntema
        N.C. State Bar No. 25771
        byntema@pckb-law.com
        PINTO COATES KYRE & BROWN, PLLC
        3203 Brassfield Road
        Greensboro, NC 27410
        Telephone: 336.282.8848
        Facsimile: 336.282.8409
        *Attorney for Plaintiff Harleysville Mutual*
        *Insurance Company*