# EXHIBIT "C"

Oct. 19. 2005  5:16PM                                                        No. 9462  P. 2

$ 8,800,000.00

FILED
2009 MAR 16 AM 9:18
BUNCOMBE COUNTY, C.S.C.
BY_____

ASHEVILLE, NORTH CAROLINA

October 10, 2005

PURCHASE-MONEY PROMISSORY NOTE

1. **MAKERS' PROMISE TO PAY.** FOR VALUE RECEIVED, the undersigned limited liability companies ("Makers"), jointly and severally, do hereby promise to pay to RICHMOND HILL, INC. ("Payee") in United States currency EIGHT MILLION, EIGHT HUNDRED THOUSAND AND NO/100 DOLLARS ($8,800,000.00) (herein "Principal") plus interest thereon, as established below.

Makers understand and acknowledge that the Payee may transfer this Note. The term "Payee" as used in this Note shall include such transferee.

2. **INTEREST.** Interest on the outstanding Principal of this Note, both before and after any default herein, will be charged from the date hereof until paid. Provided that no Event of Default (as defined below) has occurred, interest on the outstanding Principal of this Note shall accrue at the rate of 6-1/2% per annum during the period from the date hereof through April 9, 2006. Thereafter, the interest rate under this Note shall be a floating interest rate based on the interest rate announced from time to time by Wachovia Bank, National Association as its "Prime Rate" and the floating interest rate will change as the Prime Rate changes. (The Prime Rate as of the date hereof is 6.75%.) Provided that no Event of Default has occurred, interest on the outstanding Principal of this Note shall accrue at a rate per annum equal to the Prime Rate plus 1/2% after April 9, 2006. From and after the occurrence of an Event of Default, interest shall accrue at a rate equal to the Prime Rate plus 3%.

3. **TYPE OF NOTE.** This Note is given to secure the balance of the purchase price of real property known as the Richmond Hill Inn property in Asheville, Buncombe County, North Carolina and is secured by a purchase-money deed of trust which is a first lien against real property in Buncombe County, NC and a deed of trust which is a first lien against real property in Iredell County, NC, such real property being particularly described in the two deeds of trust of even date in favor of the Payee (the "Deeds of Trust").

4. **PAYMENTS AND TERM.** This Note shall be payable as follows:

In monthly payments of interest only on the outstanding Principal, the first such payment being due and payable on November 10, 2005, and thereafter on the same day of each month until all Principal and accrued interest are paid in full. If not sooner paid, the entire Principal balance of the Note and the interest having accrued thereon shall be due and payable on October 9, 2006.

5. **PREPAYMENT.** Makers shall have the right to make prepayments in whole or in part at any time before they are due, without penalty, and shall have the obligation to make a prepayment upon the sale by The Villages at Lake Norman, LLC and Lake Norman Pavilion, LLC (collectively the "Sellers"), affiliates of the Makers, of those certain real estate assets consisting of a long-term care facility and 16 additional acres of land (the Village at Lake

165586_5 (3).DOC

Norman) located in Mooresville, North Carolina, such mandatory prepayment to be in an amount equal to the greater of $3,000,000 or the net proceeds realized by the Sellers. When the Makers make a prepayment, such prepayment shall be applied in the following order: (a) to accrued interest to the date of the prepayment and then (b) to reduction of Principal of this Note. When the Makers make a prepayment as set forth herein, such prepayment shall not affect their obligation to make the next ensuing payments described in Paragraph 4 above, but the reduction of Principal caused by such prepayment shall reduce the amount of interest owing at the time of the next payment of interest.

6. **EXCESS CHARGES.** If a law which applies to this Note and which sets maximum interest and other charges is finally interpreted so that the interest or other charges collected or to be collected in connection with this Note exceed the permitted limits, then: (i) any such interest or other charge shall be reduced by the amount necessary to reduce the interest or other charge to the permitted limit; and (ii) any sums already collected which exceeded permitted limits will be refunded to the Makers. The Payee may choose to make this refund by reducing Principal and, in that case, the reduction will be treated as a partial prepayment.

7. **DEFAULT.** Upon the occurrence of any of the following events (each an "Event of Default"), the Payee may declare the entire unpaid Principal and accrued interest to be immediately due and payable (provided that upon the occurrence of an Event of Default described in subparagraph (c) below, the unpaid Principal and accrued interest will automatically and without any action on the part of the Payee become immediately due and payable):

   (a) Makers fail to make any payment (whether of Principal, interest, fees or other amounts) under this Note on the date when due and such failure is not cured within 30 days after notice thereof is given by Payee to the Makers;

   (b) Makers default under any term, condition or covenant of the Deeds of Trust, the Assignment and Assumption Agreement of even date herewith between the Makers and the Payee (the "Assignment and Assumption Agreement"), or the letter agreement of even date herewith between the Makers and the Payee (the "Letter Agreement") and such default is not cured within 30 days after notice thereof is given by Payee to the Makers;

   (c) Any one or more of the Makers, the Sellers, or Dr. William G. Gray files a bankruptcy petition, a bankruptcy petition is filed against any one or more of them or any one or more of them makes a general assignment for the benefit of creditors;

   (d) A receiver or similar official is appointed for the Richmond Hill Inn or the Inn is closed or its operations substantially curtailed or any one or more of the Makers or the Sellers is liquidated or dissolved; or

   (e) Any judgment or arbitration award is entered against the Makers or either of them in an aggregate amount of $100,000 or more in excess of any insurance coverage.

Oct. 19. 2005  5:17PM                                                                No. 9462    P. 4

In addition, upon the occurrence of any Event of Default, the Payee shall have all rights, powers and remedies available under the Deeds of Trust, as well as all rights and remedies available at law or in equity. No failure by the Payee to exercise its right of acceleration under this Section 7 shall constitute a waiver or otherwise adversely affect its right to do so at a later time.

8. **WAIVERS**. All parties to this Note hereby waive protest, presentment, notice of dishonor and notice of acceleration of maturity and agree to continue to be bound for the payment of all sums due under this Note and Deeds of Trust securing it notwithstanding modification or substitution of any security for this Note or by way of any extension or extensions of time for the payments called for herein; and all parties waive all and every kind of notice of such change or changes and agree that the same may be made without notice or consent of any of them.

9. **ATTORNEYS' FEES**. Makers shall reimburse the Payee for all reasonable attorneys' fees and costs incurred by the Payee in connection with the enforcement of any of its rights or remedies under this Note, the Deeds of Trust, the Assignment and Assumption Agreement and the Letter Agreement; provided, however, that in determining "reasonable attorneys' fees", the statutory presumption set forth in Section 6-21.2 of the General Statutes of North Carolina shall not be applied.

10. **NOTICES**. All notices to the Makers under this Note or the Deeds of Trust shall be personally delivered or sent by overnight courier to the Makers at the following address: 87 Richmond Hill Drive, Asheville, North Carolina 28806 and any such notice shall be effective when delivered to that address.

11. **GOVERNING LAW**. This Note is governed by and shall be construed according to the laws of the State of North Carolina.

IN WITNESS WHEREOF, the Makers have hereunto caused this Note to be executed by their duly authorized members and managers, all as of the day and year first above written.

THE HAMMOCKS, LLC, a South Carolina limited liability company

By: /s/ William Z. [illegible]
    Member/Manager

GATEWAY PARK PROPERTIES, LLC, a South Carolina limited liability company

By: [signature]
    Member/Manager

3