**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA**

| | | |
|---|---|---|
| IN RE: | ) | 09-10332/Chapter 11 Proceeding |
| | ) | |
| THE HAMMOCKS, LLC d/b/a | ) | CHAPTER 11 PLAN |
| Richmond Hill Inn,, | ) | |
| | ) | |
| Debtor. | ) | |

___

**The plan provides for creditors to be paid as follows:**

**CLASS 1. ADMINISTRATIVE CLAIMS:** The plan will first pay all administrative claims including but not exclusively court costs, quarterly fees (if any), accountant(s), creditor committee expenses, attorney for the creditors committee (if any), attorney(s) for the debtor/debtor-in-possession and any other administrative claims so ordered by the Court. These costs are estimated to be approximately $75,000.00

**CLASS 2. ADMINISTRATIVE TRADE CREDITORS:** The debtor/debtor-in-possession does not believe there will be any administrative trade creditors; however, if administrative trade creditors including tax claimants are determined, these creditors shall be paid in full by regular quarterly payments for a period of one (1) year at eight percent (8%) simple annual interest with payments to begin at the end of the first full calendar quarter after substantial consummation and each consecutive quarter thereafter for the one year period.

**CLASS 3. IMPAIRED SECURED CLAIM OF CAROLINA FIRST BANK** of approximately $191,316.70 secured by real property (2.5 acres) adjacent to Richmond Hill Inn (south side of Richmond Hill drive), Asheville, Buncombe County, North Carolina. The allowed secured claim will be paid by the sale of the real property at its current fair market value. The debtor expects Carolina First Bank to be paid in full from the sale with excess proceeds to pay creditors in Class 7. The creditor will retain its lien.

**CLASS 4. IMPAIRED SECURED CLAIM OF RICHMOND HILL, INC.** of approximately $6.8 million secured by purchase money lien on real property and improvements/Richmond Hill Inn. The allowed secured claim will be paid from the insurance proceeds from the fire loss (as well as other potential insurance claims) as its lien claim attaches to the inn proceeds. It is contemplated that the creditor will not be paid in full from the insurance proceeds from the fire loss and additional amounts will be paid from the sale of the additional remaining real property and improvements (the Inn/hotel buildings remaining) as well as the unimproved 40 acres of real property. The debtor estimates three (3) years to pay this creditor. The creditor will retain its lien.

**CLASS 5. PRIORITY TAX CLAIMS:** Allowed claims of governmental units to the extent they are entitled to priority under 11 USC Section 507(a)(8) shall be deferred and paid over a

five (5) year period from the date of the order for relief with interest on a monthly basis. Interest for the I.R.S. is provided for in I.R.C. Section 6621 and for other priority tax claims such as North Carolina Department of Revenue, the legal rate applies. Payments will be made from the sale proceeds of the property of the debtor after Classes 4, 3, 1 and 2 are paid in full. The debtor estimates payment to Class 5 creditors in less than the five (5) years provided in 11 USC §1129(a)(9).

**CLASS 6. PRIORITY CLAIMS:** After determination of priority status, all priority claims which are not tax claims shall be paid in full within five (5) years of confirmation plus 5.25% interest per annum for five (5) years.

**CLASS 7. UNSECURED CLAIMS:** Allowed unsecured claims will be paid from the sale of the debtor's assets, After Classes 4, 3, 1, 2, 5 and 6 are paid. The debtor expects creditors in this class to be paid in full within five (5) years of confirmation or sooner as the real property and improvements are appropriately marketed for sale.

**CLASS 8. EXECUTORY CONTRACTS:** Any allowed and determined executor contracts will be reviewed as of the date of the confirmation hearing and accepted or rejected at that time as it is determined whether the contract benefits the creditors and Chapter 11 Estate or not. The debtor does not believe any executor contracts now exist in this proceeding.

**DEFINITIONS:**

<u>**Allowed Claim:**</u> An allowed claim is one listed by the debtor on its petition and not designated by the debtor as being contingent/disputed/unliquidated or is a claim filed by or on behalf of the creditor, either of which is not objected to by the debtor or, if objected to by the debtor, allowed by the Court (subject to appeal) in some amount.

<u>**Effective Date:**</u> Effective date is the date from which payment dates are computed for each class of creditors and the date at which administrative claim amounts are due to be paid unless other treatment is ordered, agreed upon or provided for in the plan and not objected to. The effective date is no more than 120 days from the entering of the order of confirmation unless the Court extends the time due to litigation which might materially affect implementation of the plan; see below for further description.

**PROVISO:** Notwithstanding any of the terms and conditions of the plan, disputed claims shall be paid only upon allowance by the Court.  Upon confirmation, the debtor/debtor-in-possession will be revested with its assets subject only to all outstanding liens which are not avoidable by the debtor/debtor-in-possession under the provisions of Title 11 of the Code, and entitled to manage its affairs without further orders of this Court.  However, subject to the debtor/debtor-in-possession being so revested with its assets, the Court will retain jurisdiction until the plan has been fully consummated, for adversaries, objections to claims, collecting accounts receivables, avoidance actions, post-confirmation rights involving creditors or other

**matters pending post-confirmation, or as otherwise indicated in this plan or confirmation order. The debtor/debtor-in-possession specifically reserves the right to object to any and all claims, post-confirmation, and all claims are deemed objected to until the plan is substantially consummated and/or allowed by the Court.**

**EFFECTIVE DATE: The effective date of the debtor/debtor-in-possessions' plan will be the date of substantial consummation which is contemplated to be approximately 60 to 90 days after confirmation.**

## LIQUIDATION PLAN

**Although, at the time of the preparation of papers for the filing of the Chapter 11 proceeding, the debtor initially intended to operate its facility known as The Richmond Hill Inn and sell it as a going concern as well as developing the real property adjacent to the inn tract and selling parcels for development, the fire loss to the Pearson Mansion, the primary building at the Richmond Inn facility, has caused a change to the debtor's initial intent for its plan.**

**At this time and under the current economic climate, the debtor believes a recovery of the insurance proceeds for the fire loss and an orderly sale of the real property and real property and improvements over the next approximately three (3) years, or sooner, will be the best benefit for all of the creditors even though it is probably not in the best interest of the debtor.**

**The debtor's plan is to sell its assets in the most beneficial and timely manner for the best benefit of the creditors.**

**The maximum period for repayment will be sixty (60) months, five (5) years.**

## MANAGEMENT AND OWNERSHIP

**OWNERSHIP: The debtor is a member managed limited liability company with member ownership as follows: Gateway Park Properties, LLC (3.19%), James P. Sloggart (8.51%), Lake Norman Pavilion, LLC (80.63%) [Lake Norman Pavilion, LLC is a limited liability company owned by William G. Gray-49½%, Virginia G. Love – 49½%, and Mary C. Mullins – 1%], Mary C. Mullins (.48%), Virginia C. Love (5.82%) and William G. Gray (1.37%). William G. Gray is the Member/Manager of the LLC.**

**The plan contemplates that there will be no changes in the ownership and management of the debtor/debtor-in-possession.**

3


## REMEDY OF CREDITOR

**Remedy of Creditors in event of default:** The debtor/debtor-in-possession shall be deemed in default under the terms and provisions of this plan in the event it fails to carry out any of the terms and provisions imposed upon it by said plan and said condition is not corrected by it within 90 days after receipt of written notice of default from any creditor owed money hereunder at the time of default. In the event that the debtor/debtor-in-possession shall default under the terms and conditions of this plan, the creditor hereunder affected by the default may pursue its normal legal non-bankruptcy remedies.

**<u>Liquidation Proviso</u>:** Upon default, the debtor may liquidate the assets of the debtor with an organized sale, potentially an auction sale, within 180 days if it will benefit the unsecured creditors.

## DISCHARGE

The debtor does not seek a discharge per 11 USC §1141(d)(3).

This the 21st day of October, 2009.

**THE HAMMOCKS, LLC, Debtor/D.I.P.**

*/s/ William G. Gray, Member/Manager*
**By: _____**
**William G. Gray, Member/Manager**


*/s/ David G. Gray*
_____
**David G. Gray, Attorney for Debtor**
**N. C. State Bar No. 1733**

**WESTALL, GRAY, CONNOLLY & DAVIS, P.A.**
**81 Central Avenue**
**Asheville, North Carolina 28801**
**Tel: (828) 254-6315**
**Fax: (828) 255-0305**