# UNITED STATES BANKRUPTCY COURT
## WESTERN DISTRICT OF NORTH CAROLINA
## ASHEVILLE DIVISION

| | |
|---|---|
| IN RE: | CASE NO. 09-10332 |
| THE HAMMOCKS, LLC<br>d/b/a Richmond Hill Inn, | CHAPTER 11 |
| Debtor. | |

## OBJECTION OF ERVIN LEASING TO DEBTOR'S PLAN OF REORGANIZATION

Ervin Leasing ("Ervin"), a creditor of the above-captioned debtor, hereby objects to the Debtor's Plan of Reorganization, filed on October 21, 2009, as follows:

1. The Debtor filed a chapter 11 petition in the United States Bankruptcy Court, Western District of North Carolina on March 25, 2009 (the "Petition Date"). The Debtor currently manages the bankruptcy estate as debtor-in-possession.

2. Prior to filing the petition, on or about January 16, 2006, Debtor entered into a Lease Agreement with Ervin ("Lease"). Pursuant to the terms of the Lease, Debtor leased from Ervin a Telephone System and related equipment (the "Leased Equipment"). Pursuant to the terms of the Lease, the Debtor was obligated to make 60 monthly payments of $990.41 each, plus taxes, with a $1.00 buyout at the end of the lease. The terms of the Lease were not cancelable.

3. The Lease constitutes an executory contract between Ervin and the Debtor.

4. The Debtor has failed to make any monthly payments on the lease since March 2, 2010. The total that the Debtor owes on the lease obligation exceeds $16,336.31.

5. As of the date of the filing of this Motion, the Debtor was in arrears by at least $7,945.21 in payments due and owing under the terms of the Lease.

6. Debtor's Plan of Reorganization provides for the treatment of executory contracts as follows:

CLASS 8. EXECUTORY CONTRACTS: Any allowed and determined executor [sic] contracts will be reviewed as of the date of the confirmation hearing and accepted or rejected at that time as it is determined whether the contract benefits the creditors and Chapter 11 Estate or not. The debtor does not believe any executor [sic] contracts now exist in this proceeding.

7. Debtor's proposed treatment fails to disclose the existence of the Lease as an executory contract or specifically disclose the Debtor's intention with respect to the Lease.

8. Pursuant to 11 US.C. § 365(b)(1)(A), the Debtor must cure, or provide adequate assurance that it will cure, existing defaults in executory contracts prior to assumption. The Debtor must also provide adequate assurance of future performance under the Lease. Assumption of the Lease must take place on or before plan confirmation. 11 U.S.C. § 365(d)(2).

9. The Debtor's proposed plan treatment is objectionable because the Plan does not provide for the cure of the Debtor's payment arrearage as a predicate for assumption of the Lease. The Debtor's Plan is therefore not confirmable because it does not comply with the provision of the Bankruptcy Code relating to executory contracts, as required by 11 U.S.C. § 1129(a)(2). Furthermore, neither the Disclosure Statement nor Plan sets forth how the Debtor would provide adequate assurance of future performance of the Lease.

WHEREFORE, Ervin respectfully requests that the Debtor's Plan of Reorganization not be confirmed.

Respectfully submitted this 6th day of May, 2010..

/s/ George F. Sanderson III
George F. Sanderson III
NC State Bar No. 33054
ELLIS & WINTERS, LLP
Post Office Box 33550
Raleigh, North Carolina  27615
Telephone:    (919) 865-7000
Facsimile:     (919) 865-7010
chuck.anderson@elliswinters.com
george.sanderson@elliswinters.com
*Attorneys for Ervin Leasing*